# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 28, 2007

131822

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SOUTHFIELD JEEP, INC., d/b/a SOUTHFIELD
CHRYSLER-PLYMOUTH-JEEP,
Plaintiff/Counter Defendant-
Appellee,

v

SC: 131822
COA: 256014
Macomb CC: 03-002718-CK
39th DC: 01-000684-GC

PREFERRED AUTO SALES, INC., and MARK
ARMENI,
Defendants/Counter Plaintiffs-
Appellants.

_____/

On order of the Court, the application for leave to appeal the June 29, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals. The Court of Appeals erred in finding that the defendant's failure to appeal the district court's denial of its motion to transfer the case to the circuit court leads to the conclusion that defendant either acquiesced in the district court's decision that the damages did not exceed the jurisdictional limit, or chose to forfeit any amount in excess of the jurisdictional limit of the district court. Slip op, p 7. Because the district court's denial of the defendant's motion was interlocutory, the defendant may appeal that decision as of right, on entry of a final order by the district court disposing of the case. See *People v Torres*, 452 Mich 43, 59 (1996) ("[A] party in a civil action may raise previous interlocutory decisions when it brings an appeal of right from a final order."); MCR Subchapter 7.100 of the Michigan Court Rules. In all other respects, leave to appeal is DENIED, because we are not persuaded that the question presented should now be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 28, 2007

Clerk

s0321