# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 28, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

132751

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

                                        SC: 132751
                                        COA: 261233
                                        Kent CC: 04-005331-FH

KEVIN JOHN RIDEOUT,
          Defendant-Appellee.

_____/

      On order of the Court, the application for leave to appeal the October 26, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE, in part, the decision of the Court of Appeals. We do not disturb the Court of Appeals ruling that a new trial is warranted because the jury was not adequately instructed on the issues of proximate and intervening cause. But the Court of Appeals erred when it concluded that the defendant's wrongful conduct could not be the proximate cause of the decedent's death. A reasonable jury could find that the actions of the decedent were foreseeable based on an objective standard of reasonableness. *People v Schaefer*, 473 Mich 418, 437-438 (2005), overruled in part by, explained by, *People v Derror*, 475 Mich 316 (2006). Accordingly, the prosecutor may retry the defendant on the charge of operating while intoxicated or operating while visibly impaired causing death.

      We REMAND this case to the Court of Appeals to address the defendant's remaining issue concerning the admissibility of expert testimony, which may arise again if defendant is retried on the same charge.

      We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 28, 2007

_____
Clerk

d0321