740 N.W.2d 567 (2007)
276 Mich. App. 801
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Kevin John RIDEOUT, Defendant-Appellant.
Court of Appeals of Michigan.
June 7, 2007.

ORDER
People v. Rideout, Docket No. 261233. We originally reversed defendant's conviction for operating a motor vehicle while intoxicated and thereby causing death, MCL 257.625(4), on the grounds of inadequate jury instructions and insufficiency of the evidence. Thereafter, the Supreme Court, in lieu of granting leave to appeal, reversed our decision in part, concluding that we erred in determining that there was insufficient evidence on the issue of causation. People v. Rideout, 477 Mich. 1062, 728 N.W.2d 459 (2007). The Court remanded the matter to us to consider an issue not addressed in our earlier opinion regarding expert testimony because that issue may arise again on retrial.
The trial court had precluded defendant from pursuing expert testimony on the issue of accident stabilization on the basis that it might "obscure" the definition of "cause" that the trial court would give to the jury. As discussed in our earlier opinion, the trial court's instructions on causation were inadequate and inaccurate. Our understanding of defendant's accident stabilization theory, which appears to be similar to the apparent-safety doctrine discussed in our earlier opinion, is that it would be consistent with proper instructions on causation. Accordingly, the basis that the trial court gave for excluding this testimony was erroneous.
We remand the matter to the trial court for further proceedings consistent with this order, our earlier opinion, and the Supreme Court's opinion. We do not retain jurisdiction.